IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-02-233(3) |
| | § | (C.A. No. C-04-511) |
| JOSE LUIS RODRIGUEZ, | § | CR. No. C-01-234 |
| | § | (C.A. No. C-04-510) |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court are two motions by Jose Luis Rodriguez ("Rodriguez") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the two above-referenced criminal cases. (D.E. 138; Crim. No. C-01-234, D.E. 44).[1] The motions were received by the Clerk on October 7, 2004, and are deemed filed as of October 4, 2004.[2] The government filed a joint response to both motions and motion to dismiss on January 25, 2005. (D.E. 154). Rodriguez sought leave to file a reply, which was granted. (D.E. 160,

---

[1] As discussed herein, Rodriguez's § 2255 motion pertains to two separate criminal actions before this Court, Crim. No. C-01-234 (hereinafter "Cr. 01-234"), and Crim. No. C-02-233 (hereinafter "Cr. 02-233"). Identical § 2255 motions have been filed in each of those cases, and each motion was assigned a separate corresponding civil case number. Because the same arguments appear in both motions, however, the Court addresses the motions in this single order. Nonetheless, the Clerk is directed to docket this order in both criminal cases, as well as in both civil case numbers. Unless otherwise noted, docket references in this Order are to the primary criminal case, Cr. 02-233.

[2] Although Rodriguez's motion was received by the Clerk on October 7, 2004, it states that it was executed on October 4, 2004. Thus, that is the earliest date that it could have been delivered to prison authorities for filing, and it is deemed filed as of that date. Houston v. Lack, 487 U.S. 266, 276 (1988)(a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

162). Rodriguez therefore filed his reply, which the Court has also considered. (D.E. 161). For the reasons set forth herein, Rodriguez's § 2255 motion is DENIED, and the Court also DENIES him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND AND PROCEEDINGS

On July 19, 2001, Rodriguez was charged in a single-count indictment in Cr. 01-234. The indictment charged that Rodriguez, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess several firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Cr. 01-234, D.E. 1).

On August 15, 2002, Rodriguez was named in five counts of a six count-indictment filed in Cr. 02-233. Counts One and Two alleged that Rodriguez and others conspired to knowingly and intentionally possess with intent to distribute more than 100 grams of heroin and more than 100 kilograms of marijuana, respectively, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. Counts Three, Four, and Five alleged that Rodriguez and a co-defendant knowingly and intentionally possessed with intent to distribute 70 kilograms of marijuana, 78 kilograms of marijuana, and 456 grams of heroin, respectively, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 18 U.S.C. § 2. (D.E. 1).

On December 2, 2002, Rodriguez pleaded guilty to Count Five in Cr. 02-233 and Count One in Cr. 01-234, pursuant to a written plea agreement. (D.E. 42; Cr. 01-234, D.E. 34). In exchange for his guilty pleas to these two counts, the government agreed to recommend that Rodriguez receive a three-level credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 42 at ¶ 2). The government also agreed to move at sentencing for the dismissal of Counts One through Four of the indictment in Cr. 02-233. (D.E. 42 at ¶ 8).

Pursuant to the Court's order (D.E. 43), the Probation Office prepared a Presentence Investigation Report ("PSR"). A single PSR was prepared for both cases.[3] The PSR determined the base offense level to be 32. It added a two-level increase because of Rodriguez's possession of a dangerous weapon, pursuant to USSG 2D1.1(b)(1), and then reduced his offense level by three levels for acceptance of responsibility, resulting in a total offense level of 31. (PSR at ¶¶ 82-91). Combined with his criminal history category of III, the resulting guideline range for Rodriguez's offense level was a term of imprisonment of 135 to 168 months. (PSR at ¶ 92).

The Court sentenced Rodriguez on February 14, 2003. In Cr. 01-234, Rodriguez was sentenced to 120 months of imprisonment in the custody of the Bureau of Prisons, to be

---

[3] As noted in the PSR, Cr. 01-234 and Cr. 02-233 were grouped for sentencing purposes pursuant to USSG § 3D1.2(c), which requires grouping when one count embodies the conduct that is treated as a specific offense characteristic in or other adjustment to the guideline applicable to another offense. (PSR at ¶¶ 23, 82).

followed by a five-year term of supervised release and a $100 special assessment, to run concurrently with the term of imprisonment imposed in Cr. 02-233. (D.E. 52, 57).

In Cr. 02-233, the Court sentenced Rodriguez to 144 months of imprisonment in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and a $200.00 special assessment, to run concurrently with the term of imprisonment imposed in Cr. 01-234. (D.E. 57).

Rodriguez did not appeal his conviction in Cr. 01-234. Rodriguez filed a timely notice of appeal in Cr. 02-233. (D.E. 59). On October 22, 2003, the Fifth Circuit entered a judgment dismissing the appeal as frivolous. (D.E. 106, 107). Rodriguez did not file a petition for a writ of certiorari.

Rodriguez's § 2255 motion is deemed filed as of October 4, 2004. (D.E. 138). The government's response was filed on January 25, 2005. (D.E. 154). Thereafter, Rodriguez sought leave to file a reply, and then filed his reply. (D.E. 160, 161). The motion is now ripe for decision.

### III. MOVANT'S ALLEGATIONS

Rodriguez's § 2255 motion asserts five grounds for relief. First, he argues that his attorney was ineffective because he failed to file a notice of appeal after Rodriguez allegedly asked him to do so. Second, he claims that his counsel was ineffective because he failed to object to the government's alleged breach of the plea agreement in failing to recommend a five-year sentence. Third, he claims that counsel was ineffective because he

4

did not move to suppress the seized firearms that resulted in his conviction in Cr. 01-234 (and an enhanced offense level in Cr. 02-234). Fourth, he asserts a claim pursuant to Blakely v. Washington, 124 S. Ct. 2531 (June 24, 2004), which was extended to the federal sentencing guidelines in United States v. Booker, 125 S. Ct. 738 (2005). Specifically, he claims that the Court violated his right to have a jury find facts that increased his punishment. Fifth, he argues that defense counsel was ineffective for allegedly failing to conduct an independent investigation of confidential informants.

As discussed in more detail herein, none of Rodriguez's grounds entitle him to relief.

## IV. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

## B. TIMELINESS OF RODRIGUEZ'S § 2255 MOTION IN CR. 01-234.

The Court turns first to the government's motion to dismiss the § 2255 in Cr. 01-234 as time-barred. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[4] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000)(*per curiam*).

The period for Rodriguez to file a notice of appeal from the judgment against him expired ten days after the entry of his judgment of conviction. Fed. R. App. P. 4(b). As calculated under Rule 26 of the Federal Rules of Appellate Procedure, ten days after February 20, 2003 is March 6, 2003. Although Rodriguez filed a timely pro se notice of appeal in Cr. 02-233, he did not file an appeal in Cr. 01-234. Thus, as to the latter case, Rodriguez's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year

---

[4] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

after March 6, 2003, or on March 6, 2004. Rodriguez's § 2255 motion is deemed filed as of October 4, 2004. Accordingly, it was filed almost seven months beyond the deadline.

Rodriguez offers no explanation for his delay in filing his § 2255 motion, either in his motion or his reply. Indeed, his reply does not even address the government's argument that his motion in Cr. 01-234 is time-barred. He does not argue for equitable tolling, and the record does not disclose any factual support for equitable tolling.

For the foregoing reasons, his motion in Cr. 01-234 is untimely and this Court does not have jurisdiction to consider it. The government's motion to dismiss on this ground is GRANTED.

## C.    INEFFECTIVE ASSISTANCE CLAIMS

### 1.    General Standard

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). Where a defendant claims that his counsel was ineffective at sentencing, as Rodriguez does,

7

the defendant establishes prejudice by showing that there is a reasonable probability that but for counsel's alleged errors, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. Failure to Appeal Claim

As noted, Rodriguez's first ineffective assistance claim is premised on his assertion that he told his attorney to appeal and that his attorney failed to do so.[5] "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477

---

[5] The government has submitted the affidavit of John Granberry, Rodriguez's attorney, who flatly denies that he was ever instructed by Rodriguez to appeal and denies that he ever told Rodriguez he would file a notice of appeal:

> I discussed with Mr. Rodriguez his right to appeal and he instructed me not to file a notice of appeal. The first indication I had that he wished to do so was when I received a copy from the clerks [sic] office of his pro se notice which appeared to have been placed in the mail to the court 10 days after the sentencing date. If he had instructed me to appeal prior to that time I certainly would have filed the notices.

(D.E. 154, Exh. A at 1). Because the Court resolves this claim on other grounds, it need not address the factual conflict between Rodriguez's version of events and Mr. Granberry's.

8

...

(2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id., at 484. Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied. Rodriguez v. United States, 395 U.S. 327, 330 (1969).

In this case, Rodriguez filed a timely *pro se* notice of appeal as to Cr. 02-233. He was appointed counsel on appeal and that appeal was addressed by the Fifth Circuit. Thus, he has no claim as to Cr. 02-233, because he was not "deprived on an appeal that he otherwise would have taken." See Flores-Ortega, 528 U.S. at 484. Rodriguez claims, however, that if his counsel had filed the notice of appeal on his behalf, he would have included both case numbers, thereby granting him an appeal in Cr. 01-234, an appeal that he claims he was denied. (D.E. 138 at 3-4). Thus, Rodriguez's claim regarding his attorney's failure to appeal relates solely to Cr. 01-234.

This Court has already determined that Rodriguez's § 2255 motion in Cr. 01-234 is time-barred. See supra Section IV.B. Because his failure to appeal claim relates solely to Cr. 01-234, and because claims in Cr. 01-234 are time-barred, the Court is without jurisdiction to address Rodriguez's claim of ineffective assistance of counsel based on an alleged failure to appeal.

### 3.     Failure to Object to the Government's Breach of the Plea Agreement

In his second ground for relief, Rodriguez first contends that part of the plea agreement he reached with the government required the government to recommend a five-year sentence. He then argues that his counsel was ineffective because he failed to object to the alleged "breach." (See D.E. 138 at 5-6). In his reply to the government's response, he appears to be withdrawing this claim: "Movant concedes with the government on this point of error because recommendation for a minimum sentence may have been conditional." (D.E. 161 at 4).

His "concession" is simply an acknowledgment that his argument fails on the plain record of the case. Nothing in the written plea agreement indicates that the government would recommend a five-year sentence or that he was promised a five-year sentence. Indeed, both plea agreements that he signed explicitly state that "[n]either the Government nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the court." (D.E. 42 at at ¶ 6; Cr. 01-234 at ¶ 5). Moreover, although he claims he was induced into entering into the plea agreement because he believed he would receive a five-year sentence, any such contention is flatly contradicted by his own sworn testimony at the rearraignment. (See generally R. Tr.). Rodriguez's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001)(citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's

.

.

statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In short, the record is utterly devoid of any evidence of a promise by the government to recommend a five-year sentence. Because there was no such agreement or promise, no "breach" occurred, and no prejudice results from counsel's failure to object to the non-existent breach. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999)("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Thus, this claim fails.

### 4. Alleged Failure to Move to Suppress Evidence of the Firearms Seized in "Illegal Search and Seizure"

In his third ground for relief, Rodriguez claims that his counsel was ineffective because he failed to file a motion to suppress the firearms found in Rodriguez's residence during a search of that residence pursuant to a search warrant. In his reply, he argues that the search of his residence was conducted pursuant to an "arrest warrant and not a search warrant as the government claims." (D.E. 161 at 4).

As an initial matter, any direct challenge to the seizure of the guns at Rodriguez's residence is barred because of Rodriguez's guilty plea. He cannot raise his Fourth Amendment claims at this juncture. See United States v. Cothran, 302 F.3d 279, 286 (5th Cir. 2002)(an unconditional guilty plea waives objections to searches and seizures that violate the Fourth Amendment).

More importantly, however, there is nothing in the record to support any claim that his attorney was deficient for failing to move to suppress, or that Rodriguez suffered any prejudice as a result of such a failure. As noted in Mr. Granberry's affidavit, the officers who searched Rodriguez's home did so pursuant to a warrant. (See D.E. 154 at Exh. A, p. 1; PSR ¶ 8). He makes no allegations that the warrant itself was somehow illegal or invalid. Moreover, there is no evidence in the record to support an assertion that the warrant was illegal or invalid. Thus, even if Rodriguez's counsel had moved to suppress, the motion would have been denied. No prejudice has been shown and this claim fails.

### 5.     Failure of Counsel to Conduct Adequate Investigation

In his discussion of his claim pursuant to Blakely, Rodriguez also asserts what this Court deems his fifth ground for relief.[6] That is, he argues that his counsel "failed to conduct an independent investigation by calling or interviewing confidential informant[s] to ascertain or rebut allegations [relevant conduct] contained in Petitioner's presentence investigation report." (D.E. 138 at 9)(brackets in original).

Rodriguez provides no specific information as to what his counsel should have investigated or what his additional investigation would have revealed. Rather, he simply claims that had his counsel investigated the confidential informants referenced in the PSR, the additional drug amounts attributed to him at sentencing would not have withstood

---

[6] Because his fifth ground for relief is also an ineffective assistance claim, while his fourth is not, the Court addresses the fifth ground first. His fourth ground for relief, which is a claim pursuant to Blakely and Booker, is addressed infra at Section IV.D.

12

scrutiny. His claim fails on this ground alone. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)("A defendant who alleges a failure to investigate on the part of [her] counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). Moreover, there is no presumption of prejudice based on a failure to investigate. Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990). Because Rodriguez has not raised any specific facts that would show prejudice as a result of counsel's alleged failure to investigate, his claim fails.

### D.    BLAKELY/BOOKER CLAIM

Rodriguez's fourth claim for relief is that his sentencing violated his Sixth Amendment rights as set forth by the Supreme Court's decision in Blakely, and then extended to the federal guidelines in Booker. In order for Rodriguez to be entitled to relief under Booker, however, the decision must apply retroactively on collateral review.

The Fifth Circuit has not yet addressed whether Booker is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005). The Second, Third, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review, however, and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not

apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005)(same); Lloyd v. United States, __ F.3d __, 2005 WL 1155220 (3d Cir. May 17, 2005)(same).

Similarly, in a post-Booker decision, the Tenth Circuit rejected a § 2255 movant's argument that Blakely applies retroactively. United States v. Price, 400 F.3d 844 (10th Cir. 2005). In so doing, the Price court utilized reasoning which would be equally applicable to Booker. See generally id.[7]

The Court agrees with the reasoning set forth in the foregoing cases and thus concludes that Booker is not retroactive to cases on collateral review. Because Rodriguez's conviction became final prior to the date Booker was decided, i.e., January 12, 2005, he is not entitled to relief under Booker.

### E.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rodriguez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine

---

[7] Notably, this Court has been unable to locate any federal decision, from either district courts or circuit courts, holding that Booker does apply retroactively.

whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

15

The Court concludes that reasonable jurists could not debate the denial of Rodriguez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has determined are time-barred, and as to his Booker claim that this Court has addressed on procedural grounds, the Court finds that Rodriguez cannot establish at least one of the Slack criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Rodriguez is not entitled to a COA as to his claims.

## V. **CONCLUSION**

For the foregoing reasons, the government's motion to dismiss Rodriguez's motion in Cr. 01-234 as time-barred (D.E. 154) is GRANTED. Additionally, the Court DENIES Rodriguez's motions under 28 U.S.C. § 2255 (D.E. 138, Cr. 01-234, D.E. 44), and DENIES him a Certificate of Appealability. Finally, the Clerk is directed to docket this order and the corresponding final judgment as described in footnote 1.

ORDERED this 22nd day of June, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE